**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF COLORADO**

| | |
|---|---|
| In re:<br><br>STAR ACQUISITION VIII, LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 09-14383-SBB |
| In re:<br><br>STAR ACQUISITION VII, LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 09-14425-SBB |
| In re:<br><br>TOMMY L. STOVER and JEAN M. RENEAU,<br><br>Debtors. | Chapter 7<br><br>Case No. 09-14404-SBB |

**MADISON CAPITAL COMPANY, LLC'S ANSWER TO NOTICES OF APPEAL**

Comes now Madison Capital Company, LLC ("Madison"), by and through its counsel, and hereby respectfully submits this Answer to the Notices of Appeal (the "Notices") filed by Star Acquisition VII, LLC ("SAVII"), (Case No. 09-14425, Docket No. 133), and Star Acquisition VIII, LLC ("SAVIII"), (Case No. 09-14383, Docket No. 150). To the extent the Court or the District Court construes the Notices as Motions for Leave to Appeal pursuant to Rule 8003(c), Federal Rules of Bankruptcy Procedure, Madison states as follows:

1. On March 18, 2009, Tommy L. Stover ("Stover") and Jean M. Reneau ("Reneau"), SAVII and SAVIII[1] filed with this Court voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code. Madison moved to dismiss the Chapter 11 cases filed by SAVII and SAVIII, (Case No. 09-14383, Docket No. 31; Case No. 09-14425, Docket No.

---

[1] SAVII, SAVIII, Stover and Reneau are referred to herein collectively as the "Debtors" and individually as the "Debtor".

34), and to convert Stover's and Reneau's Chapter 11 case to one under Chapter 7, (Case No. 09-14404, Docket No. 41). On July 24, 2009, the Court granted Madison's motions, dismissed the Chapter 11 cases filed by SAVII and SAVIII, (Case No. 09-14383, Docket No. 126; Case No. 09-14425, Docket No. 111), and converted Stover's and Reneau's Chapter 11 case to one under Chapter 7, (Case No. 09-14404, Docket No. 118).

2.  Prior to the dismissal of the Chapter 11 cases filed by SAVII and SAVIII and the conversion of the Chapter 11 case filed by Stover and Reneau, Debtors' counsel filed applications for employment. (Case No. 09-14383, Docket No. 8; Case No. 09-14425, Docket No. 7; Case No. 09-14404, Docket No. 19.) The employment applications disclosed that each Debtor had paid a retainer to counsel. Madison objected to the employment applications arguing that the monies that Debtors paid to their counsel were subject to Madison's lien and could not be used to pay Debtors' counsel. (Case No. 09-14383, Docket No. 45; Case No. 09-14425, Docket No. 42; Case No. 09-14404, Docket No. 48.) This Court conducted a hearing regarding the retainers in connection with the hearing of Madison's motions to dismiss and convert. While the Court granted Madison's motions to dismiss and convert, this Court has yet to render a decision regarding the retainers.

3.  The dismissal of the Chapter 11 cases filed by SAVII and SAVIII and the conversion of the Chapter 11 case filed by Stover and Reneau did not render the issue of the retainers moot or deprive this Court of jurisdiction to resolve the issue. Accordingly, Madison filed a Motion Requesting Decision on the retainer issue. (Case No. 09-14383, Docket No. 143; Case No. 09-14425, Docket No. 125; Case No. 09-14404, Docket No. 144.)

4.  On December 2, 2009, the Court held a non-evidentiary hearing on Madison's Motion Requesting Decision, at which time the Court ordered:

Case 1:09-cv-02948-JLK   Document 10   Filed 12/30/09   USDC Colorado   Page 3 of 8

    (a) that it would consider the reasonableness of Debtors' counsel's fees and expenses, payment of retainers to counsel and the priority of Madison's lien versus counsel's retainer at an evidentiary hearing on March 10, 2010,

    (b) that Debtors' counsel would file a legally sufficient fee applications on or before December 21, 2009, and that Madison may file an objection or otherwise respond to the fee applications on or before January 4, 2010,

    (c) that an evidentiary hearing on March 10, 2010 would be held to consider: (1) the payment of retainer(s) to counsel and Madison's Objection to Debtors payment of retainers to Debtors counsel, (2) the priority of Madison's lien versus counsel's retainer, and (3) the fee application of Debtors' counsel to be filed herein together with any objections/responses thereto.

(Case No. 09-14383, Docket No. 148; Case No. 09-14425, Docket No. 131; Case No. 09-14404, Docket No. 151.)

  5. SAVII and SAVIII filed the Notices on December 15, 2009, and December 16, 2009, respectively. The Notices indicate that SAVII and SAVIII are appealing "from the Order of the Court Granting Madison Capital Company, LLC's Motion Requesting Decision dated October 5, 2009, entered in this bankruptcy case on the 3rd day of December 2009 . . ." (Case No. 09-14425, Docket No. 133; Case No. 09-14383, Docket No. 150.) The Notices indicate that the Orders being appealed are Docket No. 131 in Case No. 09-14425 and Docket No. 148 in Case No. 09-14383.

  6. Pursuant to the Court's December 2, 2009, order, counsel for the Debtors filed fee applications on December 21, 2009. (Case No. 09-14383, Docket No. 155; Case No. 09-14425, Docket No. 139; Case No. 09-14404, Docket No. 157.) The fee applications state that counsel

10044\46\1262075.2    3

for the Debtors have replenished the retainers, less the portion of the retainers used to pay pre-petition fees and expenses.  (Case No. 09-14383, Docket No. 155 at ¶ 11; Case No. 09-14425, Docket No. 139 at ¶ 5; Case No. 09-14404, Docket No. 157 at ¶ 9.)

      7.      Title 28, Section 158 of the United States Code provides in pertinent part:

> The district courts of the United States shall have jurisdiction to hear appeals
>
> (1) from final judgments, orders, and decrees;
>
> . . . and
>
> (3) with leave of the court, from other interlocutory orders and decrees;
>
> . . .

28 U.S.C. § 158(a).

      8.      The Court's December 2, 2009, order following the non-evidentiary hearing is an interlocutory order.  "Generally, an order is final if it ends the litigation on the merits and leaves nothing for the court to do but execute the judgment."  Faragalla v. Access Receivable Mgmt. (In re Faragalla), 422 F.3d 1208, 1210 (10th Cir. 2005) (quoting In re Durability, Inc., 893 F.2d 264, 265 (10th Cir. 1990)).  "In the bankruptcy context," this rule is applied to "the particular adversary proceeding or discrete controversy pursued within the broader framework cast by the petition."  Faragalla, 422 F.3d at 1210 (quoting Durability, 893 F.2d at 266).  "Even under this narrower application of the general rule," an order is interlocutory if "it does not resolve the merits."  Faragalla, 422 F.3d at 1210-11 (citing Grandbouche v. Clancy, 825 F.2d 1463, 1468 (10th Cir. 1987)).

      9.      The Court's December 2, 2009, order following the non-evidentiary hearing does not resolve the merits of the issue of whether the retainers were subject to Madison's lien or whether the funds could be used to pay Debtors' counsel.  The order also does not resolve the

reasonableness or propriety of the retainers and/or fees and expenses requested by Debtors' counsel. The order does nothing more than establish a procedure for the Court to determine these issues by requiring Debtors' counsel to file fee applications and setting an evidentiary hearing on these issues. Debtors' counsel would be required to file fee applications regardless pursuant to Section 330 of the Bankruptcy Code. Accordingly, the order resolves nothing and, thus, is interlocutory. See Faragalla, 422 F.3d at 1210-11.

10. The District Court does not have jurisdiction to hear an appeal of an interlocutory order without leave of court. See 28 U.S.C. § 158(a)(3). Since the order is interlocutory and leave of court has not been requested or granted, the appeals should be dismissed for lack of jurisdiction.

11. Rule 8003(c), Federal Rules of Bankruptcy Procedure, provides that if motion for leave to appeal an interlocutory order is not filed, but a notice of appeal is filed, the District Court may consider the notice of appeal as a motion for leave to appeal the interlocutory order. Fed. R. Bankr. P. 8003(c). In such a situation, the District Court must "make one of the following three choices: (1) grant leave to appeal, (2) order the party to file a motion for leave to appeal, or (3) deny leave to appeal after considering the notice of appeal as a motion for leave to appeal." Faragalla, 422 F.3d at 1211.

12. To the extent the District Court considers the Notices as motions for leave to appeal, the District Court should deny such motions. Leave for interlocutory appeals should be granted only in "exceptional circumstances". Patterson v. Washita State Bank (In re Denton), 236 B.R. 418, 419 (10th Cir. B.A.P. 1999). Exceptional circumstances are not presented by these appeals. There is nothing exceptional about an interlocutory order setting deadlines for filing fee applications and setting an evidentiary hearing. Any aggrieved party will have the opportunity to

appeal when the Court ultimately decides the extent and priority of Madison's lien, the reasonableness and propriety of the retainer and/or fees and expenses requested by Debtors' counsel and related issues, and the Court's decision can be effectively reviewed following such decision. It is currently unclear which party will ultimately prevail or whether an appeal will be necessary. Accordingly, these appeals do not present a basis for granting leave to appeal.

13. Also, Rule 8003(a), Federal Rules of Bankruptcy Procedure, requires that a motion for leave to appeal must contain a statement of the facts necessary to an understanding of the questions to be presented by the appeal, a statement of those questions and of the relief sought, a statement of the reasons why an appeal should be granted, and a copy of the judgment, order, or decree complained of and of any opinion or memorandum relating thereto. Fed. R. Bankr. P. 8003(a). The Notices contain none of the information required by Rule 8003(a). The information required by Rule 8003(a), such as a statement of the reasons why an appeal should be allowed, would be helpful in understanding what otherwise appears to be a frivolous attempt to appeal a procedural interlocutory order. If the Court construes the Notices as motions for leave to appeal and does not deny such motions, SAVII and SAVIII should be required to comply with Rule 8003(a) and provide the information listed therein.

For the reasons set forth above, Madison respectfully prays that the appeals be dismissed and that such further relief as is just and proper be granted.

DATED: December 29, 2009.

        Respectfully submitted,

        **BROWNSTEIN HYATT FARBER SCHRECK, LLP**

        /s/ Daniel J. Garfield
        Michael J. Pankow, #21212
        Daniel J. Garfield, #26054
        410 17th Street, Suite 2200
        Denver, CO 80202
        Telephone: (303) 223-1100
        Facsimile: (303) 223-1111
        mpankow@bhfs.com
        dgarfield@bhfs.com

        *Attorneys for Madison Capital Company, LLC*

        **BRADLEY ARANT BOULT CUMMINGS LLP**

        /s/ Austin L. McMullen
        Roger G. Jones
        Austin L. McMullen
        1600 Division Street, Suite 700
        P. O. Box 340025
        Nashville, Tennessee 37203
        Phone: (615) 252-2323
        Fax: (615) 252-6323
        rjones@BABC.com
        amcmullen@BABC.com

        *Attorneys for Madison Capital Company, LLC*

## **CERTIFICATE OF MAILING**

     I hereby certify that on the 29th day of December, 2009, a true and correct copy of the foregoing was sent via electronic transmission to all parties consenting to service in these cases through the Court's CM/ECF system and by U.S. Mail, postage pre-paid, to Kenneth J. Buechler, 1660 Lincoln Street, Suite 2200, Denver, Colorado 80264, Lee M. Kutner, 303 E. 17th Ave., Suite 500, Denver, Colorado 80203, Jeffrey Weinman, 730 17th St., Suite 240, Denver, Colorado 80202, M. Stephen Peters, 5310 Ward Rd, Ste. G-07, Arvada, Colorado 80002 and Joanne C. Speirs, 999 18th St., Ste. 1551, Denver, Colorado 80202.

                                    /s/ Austin L. McMullen
                                    Austin L. McMullen